IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

CIVIL CASE NO. 1:12cv41

| | |
|---|---|
| JAMES J. LAUER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Dismiss [Doc. 3].

Pursuant to 28 U.S.C. § 636(b) and the Standing Orders of Designation of this Court, United States Magistrate Judge Dennis L. Howell was designated to consider the motion and to submit recommendations for its disposition.

On August 16, 2012, the Magistrate Judge filed a Memorandum and Recommendation in which he recommended granting the motion. [Doc. 7]. After receiving an extension of time, the Plaintiff timely filed Objections to

1

that recommendation. [Doc. 10; Doc. 11]. The Defendant has filed a Response to the Plaintiff's Objections and the matter is ripe for review.

## PROCEDURAL HISTORY

The Plaintiff initiated this action on February 28, 2012 alleging a claim for medical malpractice pursuant to the Federal Torts Claims Act (FTCA). [Doc. 1]. The Plaintiff, who is a veteran, had a left knee replacement performed on June 1, 2009 at the Veterans Affairs Medical Center (VAMC) in Buncombe County, North Carolina. [Id.]. The Plaintiff claims that during that surgery VAMC staff failed to properly place and support his left arm resulting in injury to his ulnar nerve at the elbow. [Id. at 2]. Medical staff at the VAMC thereafter recommended left ulnar nerve decompression surgery to relieve the pain symptoms. [Id. at 3]. That surgery was performed in July 2009 but was not completely successful. [Id.]. By the end of September 2009, one of the treating physicians noted ulnar nerve parestheasias with increasing pain in the left elbow. [Id.]. The Plaintiff had a MRI study done in December 2009 which revealed a thickening which enveloped the nerve. [Id. at 4]. Another left ulnar nerve decompression and transposition was performed at the VAMC in February 2010. [Id.]. By March 2011, the Plaintiff still experienced chronic pain and he received a

diagnosis of "Chronic medial epicondylitis and ulnar nerve damage from entrapment syndrome and first failed surgery. 2nd surgery helped but not enough." [Id.]. In May 2011, the Plaintiff was examined by a private physician, not employed at the VAMC, who diagnosed a chronic pain disorder of the left elbow arising from his left elbow injury which would require continued treatment for pain. [Id. at 5].

The Plaintiff alleged in the Complaint that Dr. Mary Ann Wolf Curl (Curl), Chief of Staff at the VAMC, admitted in August 2010 that the damage to his left ulnar nerve had occurred during his knee replacement surgery due to improper support and placement of his arm by staff during the surgery. [Id. at 5-6]. It is undisputed that the Plaintiff's claim is limited to medical malpractice pursuant to the FTCA for a deviation from the applicable standard of care. [Id. at 7-8].

The Defendant moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). [Doc. 3]. The motion is predicated on the Plaintiff's failure to meet the mandatory pre-filing certification requirements of Rule 9(j) of the North Carolina General Statutes 1A-1 (Rule 9(j)). [Doc. 4].

## STANDARD OF REVIEW

A district court reviews specific objections to a Memorandum and

3

Recommendation under a *de novo* standard. 28 U.S.C. §636(b). "Parties filing objections must specifically identify those findings objected to." Battle v. United States Parole Commission, 834 F.2d 419, 421 (5th Cir.1987), overruled on other grounds Douglass v. United Services Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996). If a party makes only general objections, *de novo* review is not required. Wells v. Shriners Hospital, 109 F.3d 198, 200 (4th Cir. 1997)(boilerplate objections will not avoid the consequences of failing to object altogether). "Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only *those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*." United States v. Midgette, 478 F.3d 616, 621 (4th Cir.), cert. denied 551 U.S. 1157, 127 S.Ct. 3032, 168 L.Ed.2d 749 (2007) (emphasis in original). Likewise, merely reiterating the same arguments made in the pleading submitted to the Magistrate Judge does not warrant *de novo* review. Id.; Veney v. Astrue, 539 F.Supp.2d 841, 846 (W.D.Va. 2008). "Allowing a litigant to obtain *de novo* review of [his] entire case by merely reformatting an earlier

4

brief as an objection 'mak[es] the initial reference to the magistrate useless.'" Id.  In order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." Midgette, 478 F.3d at 622.

And, where a party asserts claims in the objections which were not asserted in support of or in opposition to the motion, *de novo* review is not warranted.  Price v. Dixon, 961 F.Supp. 894 (E.D.N.C. 1997)(claims cannot be raised for the first time in objections to a memorandum and recommendation).

## DISCUSSION

The Court first notes that the Plaintiff has not objected to the Magistrate Judge's recitation of the factual background or the standard of review applicable to a motion to dismiss pursuant to Rule 12(b)(6).  Having reviewed the same, the Court finds his recitation is factually and legally correct and adopts it.

**Plaintiff's objection to the application of Rule 9(j).**

Rule 9(j) provides that any complaint alleging medical malpractice must contain an assertion that the records and medical care involved in the

5

Case 1:12-cv-00041-MR-DLH   Document 13   Filed 02/13/13   Page 5 of 13

alleged incident have been reviewed by a medical expert who is willing to testify that the medical care did not comply with the applicable standard of care. The Magistrate Judge concluded that Rule 9(j) applies to cases brought pursuant to the FTCA and it is to this conclusion that the Plaintiff objects.

The FTCA provides a limited waiver of the United States' sovereign immunity for personal injury caused by the negligent act or omission of an employee of the federal government while acting within the scope of his employment "under circumstances where the United States, *if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.*" 28 U.S.C. §§1346(b)(1) & 2674 (emphasis provided). Section 2674 "makes clear, in conjunction with the jurisdictional grant over FTCA cases in 28 U.S.C. §1346(b), the extent of the United States' liability under the FTCA is generally determined by reference to state law." Molzof v. United States, 502 U.S. 301, 305, 112 S.Ct. 711 (1992). "In other words, a claimant has an FTCA cause of action against the government only if [ ]he would also have a cause of action under state law against a private person in like circumstances. Thus, the *substantive law* of each state establishes the cause of action." Anderson v.

United States, 669 F.3d 161, 164 (4th Cir. 2011) (emphasis provided).

North Carolina law requires that any complaint alleging medical malpractice contain the pre-filing certification of a medical expert. N.C. Gen. Stat. 1A-1, Rule 9(j). There is no such requirement under the FTCA; however, as noted above, that statute only waives sovereign immunity if the claim could be brought under the substantive law of North Carolina. 28 U.S.C. §1346(b)(1). Citing Erie Railroad Company v. Thompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), the Plaintiff argues that Rule 9(j) is a procedural, as opposed to substantive, requirement of North Carolina law and, thus, applying it here violates the Erie doctrine.[1] In deciding whether a rule of law should be procedural or substantive, the question is whether it would "significantly affect the result of a litigation for a federal court to disregard a law of a State that would be controlling in an action upon the same claim by the same parties in a State court." Barnes v. Seigler, 2012 WL 265409 **2 (D.S.C. 2012) (quoting Hanna v. Plumer, 380 U.S. 460, 465, 85 S.Ct. 1135, 14 L.Ed.2d 8 (1965)) (applying South Carolina pre-filing

---

[1] The Erie doctrine requires federal courts sitting in diversity jurisdiction to apply state substantive law and federal procedural law. This Court's jurisdiction arises pursuant to a federal statute, the FTCA, which waives sovereign immunity only if the claim could be brought under North Carolina substantive law. See United States v. Saint Louis University, 2012 WL 359995 **3 (S.D.Ill. 2012). Thus, the Plaintiff argues that Rule 9(j) is a state procedural law which need not be followed by the Court. As noted herein, however, Rule 9(j) is a substantive rule.

7

certification rule for malpractice claim as substantive rule).

North Carolina courts have found compliance with Rule 9(j) is a substantive element of a medical malpractice claim because the plaintiff must prove, among other elements, the standard of care owed by the defendant and a breach thereof.  Camalier v. Jeffries, 340 N.C. 699, 460 S.E.2d 133 (1995) (stating elements of negligence claim).

> [Rule 9(j)] does not provide a procedural mechanism by which a defendant may file a motion to dismiss a plaintiff's complaint. [T]his Court [has] established the following principles regarding the review of medical malpractice action compliance:
>
>> Rule 9(j) unambiguously requires a trial court to dismiss a complaint [upon motion] if the complaint's allegations do not facially comply with the rule's heightened pleading requirements.  Additionally, this Court has determined that even when a complaint facially complies with Rule 9(j) by including a statement pursuant to [the] Rule, if discovery subsequently establishes that the statement is not supported by the facts, then dismissal is likewise appropriate.  In considering whether a plaintiff's Rule 9(j) statement is supported by the facts, a court must consider the facts relevant to Rule 9(j) and apply the law to them.

Rowell v. Bowling, 197 N.C.App. 691, 695, 678 S.E.2d 748 (2009) (quoting Barringer v. Wake Forest University Baptist Medical Center, 197 N.C.App. 238, 255, 677 S.E.2d 465, review denied 363 N.C. 651, 684 S.E.2d 690 (2009)).  This language, followed in subsequent North Carolina cases,

shows that the factual allegation that the medical care does not meet applicable standards of care is a substantive element of a medical malpractice claim, absent which a defendant may move to dismiss pursuant to rules of procedure. See Brown v. Kindred Nursing Centers East, L.L.C., 364 N.C. 76, 692 S.E.2d 87 (2010) (Rule 9(j) ensures access to courts to resolve medical malpractice claims while protecting health care providers from frivolous suits); Thigpen v. Ngo, 355 N.C. 198, 558 S.E.2d 162 (2002) ("medical malpractice complaints have a distinct requirement of expert certification" alleging the defendant failed to meet the applicable standard of care); Estate of Wooden *ex rel.* Jones v. Hillcrest Convalescent Center, Inc., ___ N.C. App. ___, 731 S.E.2d 500, 506-7 (2012) (noting that Rule 9(j) does not provide a procedural mechanism for dismissing a non-complying complaint; that mechanism must be found *in pari materi* with other Rules of Civil Procedure); Moore v. Proper, ___ N.C. App. ___, 726 S.E.2d 812, 817 (2012) (Rule 9(j) "operates as a preliminary qualifier" to show the elements of a medical malpractice claim).

Likewise, federal district courts sitting in North Carolina have held that the pre-filing certification is a substantive requirement of Rule 9(j). "In North Carolina there are substantive legal requirements that a person must

9

Case 1:12-cv-00041-MR-DLH   Document 13   Filed 02/13/13   Page 9 of 13

follow to pursue a medical malpractice claim." Williams v. Haigwood, 2012 WL 4483883 **6 (E.D.N.C. 2012) (citing Rule 9(j)); Hall v. United States, 2013 WL 163639 **3 (E.D.N.C. 2013) (failure of complaint to include pre-filing certification "does not comply with the substantive requirements of Rule 9(j)[.]"); Howell v. Physicians and Staff, VAMC-Salisbury, 2012 WL 5879748 **5 (M.D.N.C. 2012) (requiring plaintiff to comply with "the substantive requirements" of Rule 9(j)).

> Were N.C.R.Civ.P. 9(j) applied as a rule of *procedure* in federal court, it would directly conflict with the federal pleading rules by requiring a more demanding pleading standard. In practice, however, federal courts in North Carolina have generally characterized and applied Rule9(j) as a substantive element of a medical malpractice claim, rather than as a procedural requirement.

Flythe v. Davis, 2011 WL 1870229 **2 (E.D.N.C. 2011) (citing Moore v. Pitt County Memorial Hosp., 139 F.Supp.2d 712, 713 (E.D.N.C. 2001)) (emphasis provided); accord McGhee v. United States, 2011 WL 474413 (E.D.N.C. 2011); Stanley v. United States, 321 F.Supp.2d 805 (N.D.W.Va. 2004). The Court therefore rejects the Plaintiff's Objection and agrees with the Magistrate Judge that the pre-filing certification requirement contained within North Carolina's Rule 9(j) is a substantive element to allege that the defendant has failed to comply with the appropriate standard of medical

10

care; that is, one element of the negligence claim. The Court will, nonetheless, exercise its discretion to dismiss the Complaint without prejudice.[2]  Wilkes v. Lee County Nursing and Rehabilitation Center, LLC, 2010 WL 703111 (M.D.N.C. 2010) (citing Thigpen, 355 N.C. 198).

Rule 9(j) does not, however, require a pre-filing certification where the "pleading alleges facts establishing negligence under the existing common law doctrine of *res ipsa loquitur*." Rule 9(j)(3). The Magistrate Judge concluded that the Complaint here does not allege facts giving rise to the application of that doctrine. The Plaintiff's second objection is to this conclusion.

> The doctrine of *res ipsa loquitur* applies when (1) direct proof of the cause of an injury is not available, (2) the instrumentality involved in the accident is under the defendant's control, and (3) the injury is of a type that does not ordinarily occur in the absence of some negligent act or omission.

Alston v. Granville Health System, __ N.C. App. __, 727 S.E.2d 877, 879, review dismissed __ N.C. __, 731 S.E.2d 421 (2012).

Attached to the Plaintiff's Complaint are the Progress Notes of Dr. Curl, Chief of Staff at the VAMC. [Doc. 1 at 9]. Dr. Curl wrote that the

---
[2] Although less than clear, portions of the Plaintiff's Objections make reference to the constitutionality of Rule 9(j). [Doc. 11 at 6-7]. At no point in the Complaint did the Plaintiff make any such claim and North Carolina courts have instructed that under this circumstance, the issue may not be addressed. McKoy v. Beasley, __ N.C. App. __, 712 S.E.2d 712, 716-17, review denied __ N.C. __, 732 S.E.2d 343 (2011).

Plaintiff had a tort claim "centered about L[eft] ulnar nerve injury as a complication of TKA in 2009." [Id.]. She further noted that the Plaintiff "had L[eft] ulnar damage due to positioning of that arm while under anesthesia for a TKA." [Id.]. Dr. Curl admitted "it appears that the facts are not being disputed." [Id.]. This constitutes "direct proof of the cause of [the] injury" sustained by the Plaintiff. Alt v. John Umstead Hospital, 125 N.C. App. 193, 199, 479 S.E.2d 800, review denied 345 N.C. 639, 483 S.E.2d 702 (1997) (doctor's progress notes direct evidence of cause of injury).

In addition to this evidence, the Plaintiff alleged in his Complaint that he had been "informed by medical experts and staff at VAMC that his elbow injury was caused by improper placement of his left arm during the [knee replacement] procedure." [Id. at 7]. When a plaintiff "asserts in his pleading" that his injuries were caused directly by the failure of medical personnel to provide adequate care, the doctrine of *res ipsa loquitur* does not apply. Alston, 727 S.E.2d at 880 (citing Yorke v. Novant Health, Inc., 192 N.C. App. 340, 352, 666 S.E.2d 127, review denied 363 N.C. 260, 677 S.E.2d 461(2009)). Moreover, where direct evidence is presented showing the cause of the injury, the doctrine also does not apply. Id. (affidavits showing the cause of the injury was absence of restraints on

12

patient defeats doctrine by showing direct proof); Campbell v. Duke University Health System, Inc., 203 N.C. App. 37, 43-44, 691 S.E.2d 31, review denied 364 N.C. 434, 702 S.E.2d 220 (2010) (where plaintiff argued in brief that there was evidence of medical malpractice, could not invoke *res ipsa loquitur*). Indeed, North Carolina courts "are reluctant to apply the doctrine in medical malpractice cases[.]" Id. The Court therefore rejects this objection as well.

## ORDER

**IT IS, THEREFORE, ORDERED** that the Defendant's Motion to Dismiss [Doc. 3] is hereby **GRANTED** and this action is hereby **DISMISSED** without prejudice.

Signed: February 12, 2013

Martin Reidinger
United States District Judge